UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF KENTUCKY
AT PADUCAH
CIVIL ACTION NO. 5:07CV-P114-R

MICHAEL WAYNE LONG                                                                           PLAINTIFF

v.

ROBERT BELL *et al.*                                                                               DEFENDANTS

**MEMORANDUM OPINION**

      Plaintiff Michael Wayne Long initiated the instant action by filing a document styled "Criminal Complaint." Therein, he alleges that on or about July 17, 1980, Kentucky State Penitentiary Corrections Officers Robert E. Bell, Ronald Hendricks, and Jerry Fox, each struck him on the side of the face with a revolver. He asserts that the officers' actions violated 18 U.S.C. § 241, a criminal statute.

      "Authority to initiate a criminal complaint rests exclusively with state and federal prosecutors." *Sahagian v. Dickey*, 646 F. Supp. 1502, 1506 (W.D. Wis. 1986); *United States v. Nixon*, 418 U.S. 683, 693 (1974) ("[T]he Executive Branch has exclusive authority and absolute discretion to decide whether to prosecute a case."); *Williams v. Luttrell*, 99 Fed. Appx. 705, 707 (6th Cir. 2004) ("[A]s a private citizen, Williams has no authority to initiate a federal criminal prosecution of the defendants for their alleged unlawful acts."). As "a private citizen lacks a judicially cognizable interest in the prosecution or nonprosecution of another," *Linda R. S. v. Richard D.*, 410 U.S. 614, 619 (1973), Plaintiff's criminal complaint must be dismissed.

      To the extent Plaintiff seeks any civil remedy under § 241, such a claim also fails. Section 241 does not give rise to any private civil cause of action. *See United States v. Oguaju*, 76 Fed. Appx. 579, 581 (6th Cir. 2003).

"[A] district court may, at any time, *sua sponte* dismiss a complaint for lack of subject matter jurisdiction pursuant to Rule 12(b)(1) of the Federal Rules of Civil Procedure when the allegations of a complaint are totally implausible, attenuated, unsubstantial, frivolous, devoid of merit, or no longer open to discussion." *Apple v. Glenn*, 183 F.3d 477, 479 (6th Cir. 1999) (citing *Hagans v. Lavine*, 415 U.S. 528, 536-37 (1974)).

For the reasons set forth more fully above, the Court concludes that Plaintiff's complaint is wholly frivolous and devoid of merit. The action will, thus, be dismissed by separate Order.

Date:

cc:     Plaintiff, *pro se*
4413.005