UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF KENTUCKY
AT PADUCAH
CIVIL ACTION NO. 5:07-CV-114-TBR

MICHAEL WAYNE LONG                                       PLAINTIFF

v.

ROBERT BELL, *et al.*                                           DEFENDANTS

## MEMORANDUM OPINION AND ORDER

This matter is before the Court upon motion by Plaintiff, Michael Wayne Long ("Long"), to reopen his case. [DN 5]. Defendants have not responded, nor have they been served. Nevertheless, the Court considers this motion to be ripe for review, and for the following reasons, it is **DENIED.**

On August 3, 2007, this Court dismissed Long's complaint because it was wholly frivolous and devoid of merit. [DN 3 at 2]. Long initiated his action by filing a document styled "Criminal Complaint." In his "Criminal Complaint," Long asserted that three Kentucky State Penitentiary corrections officers struck him on the side of the face with a revolver in 1980. [DN 1]. Long claimed that the officers' actions violated 18 U.S.C. § 241, a criminal statute.

This Court dismissed Long's complaint for two reasons. First, "a private citizen lacks a judicially cognizable interest in the prosecution or nonprosecution of another." *Linda R.S. v. Richard D.*, 410 U.S. 614, 619 (1973). Second, 18 U.S.C. § 241 does not give rise to any private civil cause of action. *See United States v. Oguaju*, 76 Fed.Appx. 579, 581 (6th Cir. 2003). Long does not dispute either of the grounds for dismissal in this Court's prior Memorandum Opinion. Neither does Long identify a rule of procedure under which his action may be reopened. Instead, Long argues that "On the face of the complaint, the pro-se plaintiff is entitled to relief of the serious

deprivation and interference of the plaintiff's [interference] of the Eighth Amendment violation as stated herein and as well as the complaint of the discriminatory treatment on the defendant." [DN 5 at 6]. However, Long did not allege an Eighth Amendment violation in his "Criminal Complaint." [DN 1]. Long's "Criminal Complaint" was essentially a request for the criminal prosecution of the prison officials and therefore is frivolous and devoid of merit. Because Long does not dispute either of this Court's grounds for dismissal in its prior Memorandum Opinion [DN 3], his motion to reopen the case is **DENIED.** Further, the Court notes that it dismissed Long's complaint on August 3, 2007. Long's *pro se* motion to reopen his case was filed on December 28, 2018 and therefore it is not timely.

**IT IS HEREBY ORDERED,** Long's motion to reopen his case is **DENIED.** The case shall remain closed. **IT IS SO ORDERED.**

*Thomas B. Russell*

**Thomas B. Russell, Senior Judge**
**United States District Court**

March 18, 2019

cc: Michael Wayne Long, *Pro Se*, 81811
KSR – Kentucky State Reformatory
P.O. Box 188
LaGrange, KY 40031
cc: Counsel of Record